# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-0188
Filed April 1, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,

v.

**Rueben Lee Hickman,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Marshall County,
The Honorable Kathryn E. Austin, Judge.

―――――――――

**AFFIRMED**

―――――――――

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney
General, attorneys for appellee.

―――――――――

Considered without oral argument
by Tabor, C.J., Langholz, J., and Vogel, S.J.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

Rueben Hickman appeals his convictions after pleading guilty to possession of a controlled substance, third offense, and operating while intoxicated, first offense. He argues that the district court violated his constitutional right to due process by accepting his guilty pleas without first finding that his competency was restored after the proceedings had been suspended because of his incompetence. *See State v. Brown*, 16 N.W.3d 288, 292 (Iowa 2025); Iowa Code §§ 812.3–.6 (2023). Hickman acknowledges that the court scheduled a hearing on his competency after receiving a report from an Iowa Department of Corrections psychiatrist concluding that he was competent to stand trial. But he asserts "[i]t is unclear whether that hearing occurred" and notes that no order was filed after the hearing. He thus concludes that "the court never found by a preponderance of the evidence that Hickman had been restored to competency."

The transcript of the competency hearing refutes Hickman's claim.[1] After hearing from both parties, the court found "based on the reports of the physician, that Mr. Hickman is competent to stand trial, that his competency has been restored." So these proceedings were reinstated. And Hickman filed a written guilty plea to one offense three days later and to the other a couple weeks after that. We thus reject Hickman's claim that the court accepted his guilty pleas before finding that his competency was restored. Hickman does not argue that the court erred in finding that he was competent or make any other challenge to his convictions. We thus affirm.

**AFFIRMED.**

---

[1] After Hickman filed his brief, the supreme court granted the State leave to file a supplemental combined certificate to order the recently discovered hearing transcript.